UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | 15 Cr. 667-5 (KPF) |
| TRAVELL THOMAS, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

By Order dated October 29, 2020, this Court denied the application of Defendant Travell Thomas for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which application was predicated on the conditions of his confinement during the ongoing COVID-19 pandemic. *See United States* v. *Thomas*, No. 15 Cr. 667-5 (KPF), 2020 WL 6364677 (S.D.N.Y. Oct. 29, 2020). (Dkt. #614). Thereafter, by letter dated December 11, 2020, counsel for Mr. Thomas filed an emergency application for reconsideration of the Court's decision, citing an outbreak of the COVID-19 virus at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), where Mr. Thomas was then housed. (Dkt. #619; *see also* Dkt. #625 (supplemental letter from counsel dated December 21, 2020)). The Court ordered the Government to provide additional information addressing, among other items, the testing protocols at FCI Loretto, which it did by letter dated February 19, 2021. (*See* Dkt. #626, 627; *see also* Dkt. #628 (reply letter from counsel for Mr. Thomas)).

More recently, the Court has obtained from the parties additional information concerning the conditions of Mr. Thomas's detention. Mr. Thomas has advised the Court in a *pro se* submission that in or about April 2021, he

applied to the Bureau of Prisons (the "BOP") for placement in its 500-Hour Residential Drug Abuse Program (or "RDAP"), and that upon his acceptance in that program, he was transferred to the satellite prison camp at the Federal Correctional Institution at Cumberland, Maryland ("FCI Cumberland"), where he is now housed. (*See* Dkt. #634). The Court has also learned that Mr. Thomas was offered, and declined, the COVID-19 vaccine in or about April 2021. (Government Email dated May 4, 2021). The Court now considers Mr. Thomas's counseled motion for reconsideration, as well as his related *pro se* submission.

In a prior decision involving one of Mr. Thomas's co-defendants, this Court discussed the timing and the standards for a motion for reconsideration under Local Criminal Rule 49.1(d) and, before that, Local Civil Rule 6.3. *See United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *1-2 (S.D.N.Y. Oct. 30, 2020). In brief, such motions should generally be filed within fourteen days of the order sought to be reconsidered, and are to be granted sparingly:

> [T]he moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (observing that the standard for granting motions for reconsideration is "strict").
>
> "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

> "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).
>
> The Second Circuit has made clear that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories … or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Such a motion likewise should not be made "reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)).

*Id.* at *2 (quoting *United States* v. *Almonte*, No. 14 Cr. 86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014)).

Mr. Thomas's motion is plainly untimely. But even considering the motion on the merits — or, alternatively, even considering the motion as a second application for compassionate release under 18 U.S.C. § 3582(c)(1)(A) using the same "extraordinary and compelling reasons" standard articulated previously, *see Thomas*, 2020 WL 6364677, at *3 — this Court concludes that Mr. Thomas has not met his burden. The outbreak that Mr. Thomas and his counsel described at FCI Loretto was short-lived; the facility currently lists zero inmates and zero staff members as testing positive for the COVID-19 virus, and FCI Cumberland currently reports similar numbers. *See* https://www.bop.gov/coronavirus/ (last visited July 13, 2021). Separately, Mr. Thomas's prior submissions did not suggest any medical issues for which

3

he had not received appropriate care from the BOP, *see Thomas*, 2020 WL 6364677, at *5, and this Court will not consider his refusal to avail himself of the COVID-19 vaccine as an extraordinary and compelling basis for compassionate release. *See generally United States* v. *Kurti*, No. 02 Cr. 1014 (LAP), 2021 WL 2823562, at *3 (S.D.N.Y. July 7, 2021) ("The Court joins those and other courts in finding that a defendant who unreasonably declines a vaccination cannot establish 'extraordinary and compelling circumstances warranting release' on account of COVID-19." (collecting cases)). Mr. Thomas's motion for reconsideration is therefore denied.

In his more recent *pro se* submission, Mr. Thomas recounts that after his transfer to FCI Cumberland, he requested a further transfer to home confinement, and was advised by the BOP that he could renew such a request only after completion of the RDAP program. (Dkt. #634). Accordingly, he requests that this Court clarify to the BOP that its recommendation that he participate in the RDAP program was just that, a recommendation, and the Court grants this request. (*Id.*). On this point, the Court understands why the BOP may have been confused by the sequence of events where Mr. Thomas specifically requested placement in the RDAP program (citing the Court's recommendation); obtained placement in the program and a consequent transfer to FCI Cumberland; and then switched gears to request a transfer to home confinement. The Court writes to confirm what the BOP already knows, namely, that its recommendation that Mr. Thomas participate in the RDAP program was simply a recommendation. But in agreeing with Mr. Thomas on

that limited point, the Court is not taking a position with respect to his application for home confinement — an application that is committed to the sole discretion of the BOP. See United States v. Corley, No. 18 Cr. 454-3 (KPF), 2021 WL 242451, at *4 n.7 (S.D.N.Y. Jan. 25, 2021).

The Clerk of Court is directed to terminate the motions at docket entries 619 and 634, as well as the motion at docket entry 605 that was resolved by a prior order of the Court. The Government is directed to transmit a copy of this Order to the appropriate BOP personnel at FCI Cumberland.

SO ORDERED.

Dated: July 14, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge